UNITED STATES DISTRICT COURT

IN THE WESTERN DISTRICT OF MICHIGAN

SUZANNE K. CLARK,

    Plaintiff,

Case No. _____

Hon. _____

MICHIGAN EDUCATION ASSOCIATION
and SHANNON ALSTON, in her individual
and official capacity,

    Defendants.

_____

Arthur R. Przybylowicz (P-26492)
Attorney for Plaintiff
P.O. Box 511
Bellaire, MI 49615
(517) 993-8983
arprzybylowicz@gmail.com

_____

**COMPLAINT AND JURY DEMAND**

1

NOW COMES Suzanne K. Clark, by and through her attorney, Arthur R. Przybylowicz, who hereby files her Complaint against Defendants for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act (ADEA), and the Michigan Elliott-Larsen Civil Rights Act (ELCRA) for unlawful discriminatory treatment based upon her sex and age and unlawful retaliation for exercising her rights under Title VII, the ADEA, and the ELCRA.

## JURISDICTION AND VENUE

1. Plaintiff, Suzanne K. Clark, is a resident of Bellaire, Michigan, which is within the Western District of Michigan.

2. Defendant Michigan Education Association (MEA) is a Michigan nonprofit corporation and labor organization with principal offices in East Lansing, Michigan, within the Western District of Michigan.

3. Defendant Shannon Alston was at all relevant times employed by Defendant MEA as the Director of Business, Legal, & Human Resources and supervised various MEA employees including those employed in the MEA Legal Services Department. Upon information and belief, Defendant Alston resides in Canton, Michigan, within the Eastern District of Michigan.

4. Plaintiff received a Right to Sue letter from the U.S. Equal Opportunity Commission dated May 5, 2025, authorizing her to pursue a Complaint against Defendant MEA. A copy of the letter is attached hereto as Exhibit 1 and hereby incorporated by reference.

5. Jurisdiction based on a federal question is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

6. This Honorable Court has jurisdiction of the state law claim through its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. Plaintiff has been employed by Defendant MEA for more than 17 years and has had consistently favorable evaluations.

9. In or about September 2015, Plaintiff applied for and received a position as a Staff Attorney – Labor Arbitration Specialist (hereinafter, "Labor Arbitration Specialist"), where Plaintiff was responsible for representing MEA affiliates and members in labor arbitrations and fact-findings.

10. In or about August 2023, Defendant Alston became Plaintiff's immediate supervisor and remained her supervisor until Plaintiff resigned her position in the Legal Services Department on or about September 23, 2024.

11. At the time Defendant Alston became Plaintiff's supervisor, there were two other Labor Arbitration Specialists, Anita Szczepanski and Michelle Pollok, and two Staff Attorneys, Doug Wilcox and Dan Zarimba. Thereafter, Michelle Pollok transferred to a Staff Attorney position and a new MEA employee, Nick Caldwell, was hired as a Labor Arbitration Specialist.

12. Plaintiff and, upon information and belief, the other two Labor Arbitration Specialists, Michelle Pollok and Nick Caldwell, were subjected to acts of bullying and harassment by Staff Attorney Dan Zarimba.

13. In an attempt to report and resolve her concerns, Plaintiff met with Defendant Alston in November 2023 to advise of the acts of bullying and harassment. Plaintiff

3

requested, and Defendant Alston agreed to keep the conversation between them confidential, because of the concern of further bullying and harassment should the complaint become known by Staff Attorney Zarimba.

14. Pollok and Caldwell also communicated their concerns about acts of bullying and harassment to Defendant Alston.

15. Thereafter, without notice in March 2024, Defendant Alston advised Staff Attorney Zarimba of Plaintiff's confidential conversation and also the concerns raised by Staff Attorney Pollok, but not the complaint made by Labor Arbitration Specialist Caldwell. Defendant Alston knew or reasonably should have known that Staff Attorney Zarimba would use this information to interfere with Plaintiff's ability to perform her job.

16. Plaintiff and Pollok are females and within the protected age group under the Age Discrimination in Employment Act, while Caldwell is a male and under the age of 40.

17. As a direct and proximate result of Defendant Alston's disclosure of the confidential conversation, Plaintiff continued to be the victim of bullying and harassment from Staff Attorney Zarimba.

18. In May 2024, Plaintiff filed an internal complaint against Defendant Alston for discrimination. In that complaint, Plaintiff specifically requested a different supervisor due to the actions of Defendant Alston. Defendant MEA denied that request.

19. In July 2024, Defendant Alston again provided Staff Attorney Zarimba confidential information which led to another round of bullying.

4

20. Thereafter, Defendant Alston reduced Plaintiff's expense account by approximately $11,000 and assigned her a larger caseload.

21. On or about August 11, 2024, Plaintiff notified the President and Vice-President of MEA and the Acting Executive Director of MEA of an email sent by Staff Attorney Zarimba dated July 25, 2024, to Pollok with copies to Defendant Alston and Human Resources Director Courtney Pierce threatening Pollok with internal complaints within MEA, an EEOC complaint, and a state bar grievance against Pollok, unless Pollok falsely stated that Plaintiff was the source of a complaint against Zarimba that he was carrying a gun at work. Pollok refused to so state, because Plaintiff never made such a complaint against Zarimba.

22. There was no response to Plaintiff's August 11 email from MEA officers and acting Executive Director to whom the message was directed. The only response was from Defendant Alston, which, among other things, demanded that Plaintiff go through mediation with the source of the harassment and bullying, Staff attorney Zarimba.

23. On or about August 13, Plaintiff again requested that another MEA manager be appointed as her temporary supervisor due to the conflict of interest in Defendant Alston serving as her supervisor while allegedly investigating Plaintiff's internal complaint.

24. When there was no response to Plaintiff's August 13 request and no change from Defendant Alston serving as her supervisor, Plaintiff resigned her position as a Labor Arbitration Specialist and accepted another position at MEA with a different supervisor on September 23, 2024.

25. Defendant MEA allegedly conducted an independent investigation of Plaintiff's complaints in which Plaintiff fully cooperated. Plaintiff has been advised that the investigation found against her, but Defendant MEA has refused to provide her with a copy of the alleged report.

26. Plaintiff filed a Charge of Discrimination against MEA on or about December 30, 2024, with the U.S. Equal Opportunity Commission.

## COUNT I – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27. Plaintiff hereby restates and incorporates by reference paragraphs 1-26 of her Complaint.

28. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination based upon sex, 28 U.S.C. § 2000e-2(a)(1).

29. Defendants have discriminated against Plaintiff by:

   (a)   failing to take reasonable measures to stop the bullying and harassment reported by Plaintiff.

   (b)   increasing the bullying and harassment of Plaintiff by Defendant Alston breaching her promise to keep confidential Plaintiff's report of bullying and harassment.

   (c)   retaliating against Plaintiff by increasing her workload and substantiall reducing her expense account.

30. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, loss of benefits, loss of reputation, and mental and physical distress.

WHEREFORE, Plaintiff Suzanne K. Clark respectfully requests that this Honorable Court grant relief against Defendants for violating Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to compensatory damages, punitive damages, injunctive relief, reasonable attorney fees, costs, and any other relief that is just and equitable.

## COUNT II – AGE DISCRIMINATION IN EMPLOYMENT ACT

31. Plaintiff hereby restates and incorporates by reference paragraphs 1-26 of her Complaint.

32. The Age Discrimination in Employment Act prohibits discrimination in the terms, conditions, or privileges of employment because of an individual's age, 29 U.S.C. § 623 (a)(1).

33. Defendants have discriminated against Plaintiff by treating her differently than a younger employee.

34. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, loss of benefits, loss of reputation, and mental and physical distress.

WHEREFORE, Plaintiff Suzanne K. Clark respectfully requests that this Honorable Court grant relief against Defendants for violating the Age Discrimination in Employment Act, as amended, including, but not limited to compensatory damages, punitive damages, injunctive relief, reasonable attorney fees, costs, and any other relief that is just and equitable.

## COUNT III- MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

35. Plaintiff hereby restates and incorporates by reference paragraphs 1-34 of her Complaint.

36. The Michigan Elliott-Larsen Civil Rights Act (ELCRA) prohibits discrimination in employment based upon, *inter alia*, sex and age, M.C.L. 37.2202.

37. The ELCRA also prohibits retaliation because a person has opposed a violation of the ELCRA, M.C.L. 37.2701.

38. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, loss of benefits, loss of reputation, and mental and physical distress.

WHEREFORE, Plaintiff Suzanne K. Clark respectfully requests that this Honorable Court grant relief against Defendants for violating the ELCRA, as amended, including, but not limited to compensatory damages, punitive damages, injunctive relief, reasonable attorney fees, costs, and any other relief that is just and equitable.

Respectfully submitted,

/s/ Arthur R. Przybylowicz
Attorney at Law
P.O. Box 511
Bellaire, MI 49615
(517) 993-8983
arprzybylowicz@gmail.com

UNITED STATES DISTRICT COURT

IN THE WESTERN DISTRICT OF MICHIGAN

SUZANNE K. CLARK,

    Plaintiff,

Case No. _____

Hon. _____

MICHIGAN EDUCATION ASSOCIATION
and SHANNON ALSTON, in her individual
and official capacity,

    Defendants.

_____

Arthur R. Przybylowicz (P-26492)
Attorney for Plaintiff
P.O. Box 511
Bellaire, MI 49615
(517) 993-8983
arprzybylowicz@gmail.com

_____

**DEMAND FOR JURY**

NOW COMES Plaintiff, Suzanne K. Clark, through her attorney, Arthur R. Przybylowicz, who, pursuant to Federal Rule of Civil Procedure 38 (b)(1) and (2) demands that the above-captioned matter be tried by a jury.

Respectfully submitted,

/s/ Arthur R. Przybylowicz
Attorney at Law
P.O. Box 511
Bellaire, MI 49615
(517) 993-8983
arprzybylowicz@gmail.com

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Detroit Field Office
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/05/2025

**To:** Ms. Suzanne K. Clark
5190 N. Cross Over
BELLAIRE, MI 49615
Charge No: 471-2025-00778

EEOC Representative and email:   JOANNA RIVERA
Federal Investigator
joanna.rivera@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 471-2025-00778.

On behalf of the Commission,

Digitally Signed By:Ramiro Gutierrez
05/05/2025

Ramiro Gutierrez
Director

**EXHIBIT 1**

Cc:
Courtney Pierce
1216 Kendale Blvd
East Lansing, MI 48823

Chad Karsten
Fahey Schultz Burzych Rhodes PLC
4151 Okemos Rd Ste 200
Okemos, MI 48864

Helen Mills
Fahey Schultz Burzych Rhodes PLC
4151 Okemos Road Suite 200
Okemos, MI 48864

NA NA
1350 KENDALE BLVD
EAST LANSING, MI 48823

Please retain this notice for your records.